**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

**v.**

**William C. DONOVAN III, Respondent.**

**SCBD No. 4206.**

Supreme Court of Oklahoma.

Jan. 21, 1997.

Allen J. Welch, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, for Complainant.

C. Merle Gile, Oklahoma City, for Respondent.

ALMA WILSON, Justice.

Upon consideration of the complainant's, Oklahoma Bar Association (Bar Association), application for an order approving the resignation of the respondent, William C. Donovan, III (Donovan), pending disciplinary proceedings, THE COURT FINDS:

1. On December 16, 1996, Donovan submitted his written affidavit of resignation from membership in the Bar Association pending disciplinary proceedings.

2. The attorney's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation.

3. Donovan states in his affidavit of resignation that he is aware of the following grievances lodged against him with the Office of the General Counsel of the Bar Association for which the Professional Responsibility Commission has authorized the filing of a formal complaint:

   a. Count I alleges that Donovan deposited $125,000.00 into his client trust account belonging to Richard Bailey from an inheritance, and that he repeatedly requested that Bailey loan him money from the deposit. Although Bailey never authorized such a loan, Donovan withdrew Bailey's money without Bailey's knowledge or permission, and then lied to cover up his actions. After Bailey demanded an accounting, Donovan subsequently admitted to withdrawing $86,000.00. Donovan executed a statement admitting that he removed $86,000.00 of Bailey's from Donovan's trust account without Bailey's knowledge or authorization, and later paid Bailey $71,600.00 about three months after Donovan's misappropriation of Bailey's funds. Three days later, Donovan executed a promissory note for further repayment. Donovan never advised Bailey that independent counsel was appropriate, but urged him not to contact another attorney, the police or the Bar Association. If proven, the actions would be a violation of Rules 1.8(a), 1.8(h), 1.15, and 8.4(c) of the Oklahoma Rules of Professional Conduct, 5 O.S. 1991, ch.1, app. 3–A, and its subsequent amendments, and Rules 1.3 and 1.4 of the Rules Governing Disciplinary Proceedings, 5 O.S.1991, ch. 1, app. 1–A, and its subsequent amendments.

   b. Count II alleges that Donovan encouraged Bailey to apply for medical assistance available to indigents through 42 U.S.C.S. § 1396 et seq., (Title 19 benefits) to pay for medical bills Bailey had incurred. Bailey had assets and did not qualify for the benefits. Donovan advised Bailey how to conceal his assets. Otherwise, Bailey would have had to use the inheritance money Donovan had deposited in his client trust account. Although Bailey did not apply for the benefits, if he had, Donovan would have been able to maintain his deception concerning the misappropriation of Bailey's inheritance money. If proven, such actions would violate Rules 1.2(c) and 8.4(c)of the Oklahoma Rules of Professional Conduct, 5 O.S. 1991, ch.1, app. 3–A, and Rule 1.3 of the Rules Governing Disciplinary Proceedings, 5 O.S.1991, ch. 1, app. 1–A.

4. Donovan's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, and it should be approved.

5. The official roster address of the attorney as shown by Bar Association records is: William C. Donovan, III, OBA # 2425, 6846 S. Canton, Suite 200, Tulsa, Oklahoma 74136.

6. The Bar Association has waived costs it has incurred in investigating and prosecuting the complaint against Donovan.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the resignation pending disciplinary proceedings of William C. Donovan, III, be approved.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the name of William C. Donovan, III, be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, Donovan may not make application for reinstatement prior to the expiration of five (5) years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S. 1991, Ch. 1, App. 1–A, Donovan shall notify all of his clients having legal business pending with him within twenty (20) days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. Pursuant to the waiver of the Bar Association, Donovan need not reimburse the Bar Association for costs in the this matter. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of

the attorney, shall be a condition of reinstatement.

KAUGER, C.J., SUMMERS, V.C.J., and LAVENDER, SIMMS and HARGRAVE, JJ., concur.

WATT, J., with whom HODGES, J., joins, dissenting:

I would disbar this Respondent.